IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                              No.  2:10CV00105 SWW

EPHRON H. LEWIS AND DORIS J. LEWIS;
LEWIS & SON RICE PROCESSING
CORPORATION, An Arkansas Corporation;
ENTERPRISE CORPORATION OF THE
DELTA; ARKANSAS LAND AND FARM
DEVELOPMENT CORPORATION; and
TEEL MARKETING SERVICES, INC.                                   DEFENDANTS

**JUDGMENT**

Pursuant to the Court's order granting plaintiff's motion for summary judgment (Doc. 11), it is hereby, ORDERED, DECREED AND ADJUDGED:

1.  The Court has jurisdiction over the parties and over the property which is the subject of this cause of action.

2.  There is due and owing on the promissory notes of Ephron H. Lewis and Doris J. Lewis payable to the United States of America, U.S. Department of Agriculture, Rural Development, the total principal sum of $645,518.35, plus interest in the sum of $126,132.51, accrued to October 28, 2010, and thereafter at the daily rate of $70.7417 to date of this judgment and thereafter at the statutory rate pursuant to 28 U.S.C. §1961, plus any additional advances and recoverable charges made during the pendency of this action for protection and maintenance of the subject property, and the costs of this action. A total balance of $771,650.86 is due as of 10/28/10. Plaintiff United States of America, is hereby awarded judgment *in personam* for the above-mentioned sums against the defendants Ephron H. Lewis, Doris J. Lewis and Lewis and Son Rice Processing Corporation, jointly and severally, including any deficiency remaining after sale of the

subject real and personal property.

    3. The above-described indebtedness due and owing to the plaintiff is secured by a mortgage recorded as follows:

| **MORTGAGE** | **RECORDATION** | **BOOK AND PAGE** |
|---|---|---|
| April 16, 2003 | April 16, 2003 | Book 415, Page 4656, Cross Co. |

Plaintiff's mortgage constitutes a good and valid mortgage lien, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of the defendants herein, and each of them, in and to the following described real property in Cross County, Arkansas:

**TRACT 1:**

Part of the South Half (S½) of the Southeast Quarter (SE¼) of the Northeast Quarter (NE¼) of Section Ten (10), Township Six (6) North, Range Five (5) East of the Fifth Principle Meridian and more particularly described as follows: Beginning at the Southeast Corner of the Northeast Quarter (NE¼) of Section Ten (10), Township Six (6) North, Range Five (5) East; thence North 89 degrees 59 minutes 21 seconds West, 316.80 feet along the South line of the Northeast Quarter (NE¼) to an iron pin; thence North 00 degrees 22 minutes 00 seconds West, 275.00 feet to an iron pin; thence South 89 degrees 59 minutes 21 seconds East, 316.80 feet to an iron pin; thence South 00 degrees 22 minutes 11 seconds East, 275.00 feet along the East line of the Northeast Quarter (NE¼) to the point of beginning, containing 2.0 acres more or less.

**TRACT 2:**

Part of the East Half (E½) of the East Half (E½) of Section Ten (10) and Part of the West Half (W½) of the West Half (W½) of Section Eleven (11), all in Township Six (6) North, Range Five (5) East, Cross County, Arkansas, more particularly described as follows:

Beginning at the Southeast corner of the Northeast Quarter (NE¼) of Section Ten (10), and being marked by a Found Iron Pin; thence South 89 degrees 59 minutes 52 seconds West a distance of 316.78 feet to a Found Iron Pin; thence South 00 degrees 24 minutes 07 seconds East a distance of 45.10 feet to a point; thence North 89 degrees 59 minutes 52 seconds East a distance of 366.77 feet to a point; thence North 00 degrees 23 minutes 19 seconds West a distance of 319.93 feet to a point; thence North 89 degrees 59 minutes 21 seconds West a distance of 31.66 feet to a point; thence North 68 degrees 37 minutes 22 seconds West a distance of 164.14 feet to a

      point; thence North 02 degrees 01 minutes 56 seconds West a distance of 193.96 feet to a point; thence North 04 degrees 22 minutes 15 seconds West a distance of 45.76 feet to a point; thence North 10 degrees 33 minutes 48 seconds West a distance of 198.95 feet to a point on the Centerline of an existing road; thence South 73 degrees 09 minutes 19 seconds West along the said centerline, a distance of 34.56 feet to a point; thence South 12 degrees 20 minutes 46 seconds East a distance of 192.50 feet to a point; thence South 02 degrees 34 minutes 28 seconds East a distance of 177.60 feet to a point; thence South 01 degrees 04 minutes 56 seconds East a distance of 46.51 feet to a point; thence South 03 degrees 40 minutes 02 seconds West a distance of 73.00 feet to a point; thence South 89 degrees 59 minutes 21 seconds East a distance of 169.08 feet to a point; thence South 00 degrees 23 minutes 19 seconds East a distance of 274.84 feet to the Point of Beginning, and containing 1.15 acres, more or less. LESS AND EXCEPT all easements and rights-of-way of record.

together with all improvements and appurtenances thereon.

      4.     Plaintiff's mortgage recorded on 4/16/2003 as Book 415, Page 4656 constitutes a first lien against the above described property, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy, homestead, of all of the defendants herein in and to the above described real property in Cross County, Arkansas.

      5.     Defendant Enterprise Corporation of the Delta (ECD) holds a second lien against the above-described real property by virtue of a mortgage recorded on 4/16/2003 in Book 415 at page 4662 in the real estate records of Cross County, Arkansas. ECD's mortgage is hereby foreclosed, and ECD shall be paid from the foreclosure sale proceeds in accordance with its second lien priority.

      6.     If the judgment hereby awarded to the United States of America is not paid within 10 days from this date, the United States Marshal is directed to sell the above-described property at public auction to the highest bidder for cash, or on a credit of 60 days, at the South front door of the Cross County Courthouse, Wynne, Arkansas. The date and time of such sale shall be fixed by the Marshal. If purchased on credit, payment

of the purchase price shall be secured by one of the following methods, at the purchaser's option: furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% cash down payment. The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U. S. Marshal. The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 60 days, in which event the Marshal shall resell the property. In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale. A lien against the property shall be retained to further secure payment of the purchase money. The property shall be sold subject to any unpaid property taxes. If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, it may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. The Marshal shall give notice of the sale as required by 28 U.S.C. § 2002, and shall forthwith report the result of the sale to the Court.

      7. Upon the sale of the above-described real property, all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower, of all parties in and to said property, and every part thereof, shall from that date be foreclosed and forever barred.

      8. The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

9. The sales proceeds, after expenses of sale shall be paid and distributed to the United States of America, Rural Business-Cooperative Service, a division of Rural Development, an agency within the United States Department of Agriculture, to the extent of the judgment herein awarded to plaintiff.  Any surplus remaining shall be paid on the second mortgage lien of defendant ECD.

10. The above described indebtedness owed to the plaintiff is further secured by a security agreement dated 4/16/2003 executed by defendant Lewis and Son Rice Processing Corporation, Financing Statements filed with the Circuit Clerk and Recorder of Cross County, Arkansas, and with the Arkansas Secretary of State, on 4/16/03 and 5/5/03, respectively, and continuations filed with the Circuit Clerk and Recorder of Cross County on 5/2/08 and with the Arkansas Secretary of State on 4/9/08.  Plaintiff holds a first lien security interest in the following machinery and equipment of Lewis and Son Rice Processing Corporation, together with all replacements, substitutions and additions:

| Quantity | Kind | Manufacturer | Size/Type | Condition | Serial No. |
| --- | --- | --- | --- | --- | --- |
| 1 | Cleaner | Crippen | VX-254 RH | | |
| 1 | Separator | Ideal | | | 3036 |
| 1 | Separator | Paddy | | | No. 1-9330040 No. 2-930041 |
| 1 | Dump Scale | | | | 29706 |
| 1 | Color Master | | | | 5950113 |
| 1 | Conveyor Belt | | | | 029707 |

| Quantity | Kind | Manufacturer | Size/Type | Condition | Serial No. |
| --- | --- | --- | --- | --- | --- |
| 1 | Dump Scale | | | | 4145 |
| 1 | Destoner | Crippen | Model S-43 | | |
| 1 | Sheller | | Model CC B 100 | | 800774 |
| 1 | Sheller | | Model CC B 100 | | 800604 |
| 1 | Polisher | | | | 27139 |
| 1 | Polisher | | | | 27138 |
| 1 | Separator | Ideal | Model No. S-12-AC-PF | | 3035 |
| 1 | Metal Detector | Magnet | | | 97006 |
| 1 | Dust Collector | | F-1081-(319-1), (319-2), (319-3), (319-4) | | |
| 8 | Elevator Bagging Scales and Belt | | | | |
| 3 | Grain Bins | | 7,500 Bushel | | |
| 1 | Grain Bin | | 20,000 Bushel | | |

11.     Defendants Ephron H. Lewis, Doris J. Lewis, Lewis & Son Rice Processing Corporation, and their employees, representatives and agents, are directed to surrender

6

possession, custody and control of the above-described machinery and equipment, together with all replacements, substitutions and additions, to Rural Development (RD), U.S. Department of Agriculture (USDA) at a time and place designated by RD, USDA. The machinery and equipment shall be sold, or otherwise disposed of, by RD, USDA in a commercially reasonable manner pursuant to the Arkansas Uniform Commercial Code. The proceeds from such sale or disposition, after expenses, shall be first paid to the plaintiff, and next, to defendant ECD, which holds a second lien security interest in such property.

12.  The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

DATED this 24th day of June, 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE