**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO:   2:10CV00105 SWW |
| EPHRON H. LEWIS AND DORIS J. | * | |
| LEWIS; LEWIS & SON RICE | * | |
| PROCESSING CORPORATION, An | * | |
| Arkansas Corporation; ENTERPRISE | * | |
| CORPORATION OF THE DELTA; | * | |
| ARKANSAS LAND AND FARM | * | |
| DEVELOPMENT CORPORATION; | * | |
| and TEEL MARKETING SERVICES, | * | |
| INC. | * | |
| Defendants | * | |
| | * | |

**ORDER**

This is an action by the United States to recover against borrowers for the balance due on

promissory notes and to foreclose a mortgage and enforce a security interest related to the

underlying debt.   The case is before the Court on a motion by separate defendants Ephron H.

Lewis and Doris J. Lewis (collectively, "the Lewis defendants"), asking the Court to set aside the

judgment entered against them on June 24, 2011 (docket entries #13, #14), the United States'

response in opposition (docket entry #15), and the Lewis defendants' reply (docket entry #16).

After careful consideration, and for reasons that follow, the motion will be denied.

In the complaint, the United States alleges that the United States Department of

Agriculture, Rural Development ("RD"), made loans to separate defendants Ephron H. Lewis,

1

Doris J. Lewis, and Lewis & Son Rice Processing Corporation (collectively, "the borrowers"),

and the borrowers defaulted.  By way of relief, the United States seeks a judgment *in personam*

against the borrowers, jointly and severally, for the debt owed,  and a judgment *in rem* declaring

RD's liens on the subject real and personal property to be prior and paramount to all right, title,

claim and interest of all named defendants.   In addition to the borrowers, the United States

names defendants Enterprise Corporation of the Delta ("ECD"), Arkansas Land and Farm

Development Corporation, and Teel Marketing Services, Inc.,[1] asserting that these entities may

have or claim an interest in the real and personal property which is the subject of this action.

On March 3, 2011, the United States filed a motion for summary judgment, asserting that

no genuine issue of material fact exists as to RD's entitlement to the relief sought in the

complaint.  In support of its motion, the United States presented, among other things, copies of

two promissory notes signed by (1) Ephron H. Lewis, as President of Lewis & Son Rice

Processing Corporation, (2) Ephron H. Lewis, individually, (3) Doris J. Lewis, as Secretary of

Lewis & Son Rice Processing Corporation, and (4) Doris J. Lewis, individually.  Docket entry

#9. Ex. #1.   Additionally, the United States asserted in its statement of material facts in support

of summary judgment that the aforementioned promissory notes are subject to assumption

agreements, also signed by the Lewis defendants in their individual capacities, whereby the

borrowers assumed joint and several liability for the unpaid indebtedness owed on the notes.

*See* docket entry #9, ¶3; *id*., Ex. #1, ¶4, *id*., Ex. #2, Ex. A.[2]

---

[1]Arkansas Land and Farm Development Corporation and Teel Marketing
Services, Inc. were served with summons and complaint (docket entry #2) but have not filed an
answer or made an appearance in this case.

[2]Local Rule 56.1 provides that a party moving for summary judgment must submit a
statement of the material facts as to which it contends there is no genuine issue to be tried, and

The borrowers filed no response to the Government's motion for summary judgment, and

ECD  filed a response (docket entry #10) stating no opposition.  By order entered May 20, 2011,

the Court granted the motion for summary judgment and directed the Government to submit a

precedent for judgment.  On June 24, 2011, Court entered judgment in favor of the United States.

On July 19, 2011, the Lewis defendants  filed a motion to set aside part of the judgment.

In support of their motion, they state:  "Due to the heavy volume of emails generated by the

United States District Court during the period of time in which this Motion for Summary

Judgment was filed, counsel either did not see the Motion . . . or the email was inadvertently

deleted; therefore, counsel did not file a response to the Motion . . . . "   Docket entry #14, at 1.

The Lewis defendants report that they have no objection to the judgment against Lewis &

Son Rice Processing Corporation, nor do they object to foreclosure of the mortgage against the

real property that serves as collateral for the underlying debt.  However, the Lewis defendants

contend that they are not personally liable for the debt at issue and that they signed the

promissory notes solely as officers of Lewis & Son Rice Processing Corporation, without

making any personal guaranty of the debt.

Federal Rule of Civil Procedure 60(b)(1) provides that a court may relieve a party from a

final judgment for several reasons, including "excusable neglect." Fed. R. Civ. P. 60(b)(1).

Normally, an attorney's carelessness or busy schedule does not constitute excusable neglect.  *See*

*United States v. Puig,* 419 F.3d 700, 702 (8th Cir.2005)(quoting *Ivy v. Kimbrough,* 115 F.3d 550,

---

the non-moving party must file a responsive statement of the material facts as to which it
contends a genuine issue exists to be tried.  "All material facts set forth in the statement filed by
the moving party . . . shall be deemed admitted unless controverted by the statement filed by the
non-moving party . . . . " Local Rule 56.1(c).

552 (8th Cir.1997); *Noah v. Bond Cold Storage,* 408 F.3d 1043, 1044 (8th Cir.2005); *Bennett v. Dr. Pepper/7Up, Inc.,* 295 F.3d 805, 808 (8th Cir.2002)).

Here, the Court's CMECF system shows that upon entry of the United States' motion for summary judgment, brief in support, and statement of undisputed facts (all filed on March 3, 2011) and ECD's response stating no objection (filed on March 14, 2011), notice of each filing was immediately mailed, electronically, to counsel for the Lewis defendants. Additionally, a certificate of service on ECD's response states that counsel for ECD served a copy of the filing upon counsel for the Lewis defendants by placing the same in the United States mail. Furthermore, the United States presents a copy of a transmittal letter that ECD mailed to the Assistant United States Attorney, which references ECD's response to "Plaintiff's Motion for Summary Judgment" and shows that ECD mailed a copy of the transmittal letter to counsel for the Lewis defendants. The United States notes that despite the foregoing notices, and electronic notice of the Court's order granting summary judgment, the Lewis Defendants failed to state any opposition until July 19, 2011, twenty-five days after the Court entered judgment.

Counsel's explanation that he receives a heavy volume of email messages and that the Court's electronic notifications were inadvertently deleted or overlooked does not constitute excusable neglect. Furthermore, even if the circumstances warranted a finding of excusable neglect, copies of the promissory notes at issue clearly show that the Lewis defendants signed the documents in their individual capacities, and they offer nothing to support the claim that they bear no personal liability for the underlying debt.

For the reasons stated, the Court finds that separate defendants Ephron H. Lewis and Doris J. Lewis are not entitled to relief from the judgment entered against them.

IT IS THEREFORE ORDERED that separate defendants' motion to set aside the

judgment (docket entry #13) is DENIED.

IT IS SO ORDERED THIS 19TH DAY OF OCTOBER, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE